# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELAINE L. CHAO**, Secretary of Labor,
United States Department of Labor,

                        Plaintiff,

      v.

**RON VOGT** and the                                           Case No. 07-C-0900
**DELICIOUSLY DIFFERENT EMPLOYEE
SAVINGS PLAN,**

                        Defendants.

## CONSENT ORDER AND JUDGMENT

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §'1001, et seq., filed a complaint against defendant Ron Vogt alleging breaches of his fiduciary responsibilities under ERISA §§403(a) and (c)(1), 404(a)(1)(A), 406(a)(1)(D), and 406(b)(1) and (2), 29 U.S.C. §§1103(a) and (c)(1), 1104 (a)(1)(A), (D), 1106(a)(1)(D) and 1106(b)(1) and (2), with respect to the Deliciously Different Employee Savings Plan ("Plan").

Defendant has appeared by counsel, waived service of process of the complaint and admitted to the jurisdiction of this Court over them and the subject matter of this action.

The plaintiff and defendant have agreed to resolve all matters in controversy in this action between and among them (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(c)(2) and (l), 29 U.S.C. §1132(c)(2) and (l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

The parties agree that, if the Secretary of Labor assesses a penalty pursuant to ERISA §502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

**ORDERED, ADJUDGED** and **DECREED** that:

1. Defendant is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2. Defendant has paid to the Plan's participants $6,485.79 in withheld employee contributions, including lost opportunity costs, that he failed to remit to their Plan accounts during the period from February 21, 1999 through August 2002 and has provided the Secretary with evidence of such distributions.

3. Within ten (10) days of the entry of this Consent Order and Judgment Defendant shall pay to the Plan's participants an additional $12,677.22 in withheld employee contributions that he failed to remit to their Plan accounts during the period from February 21, 1999, through August 2002. This figure includes lost opportunity costs and interest. These monies shall be paid to the Plan participants in accordance with Exhibit A, attached hereto and made a part hereof.

4. Within forty (40) days of entry of this Consent Order and Judgment Defendant shall provide the Employee Benefit Security Administration with proof, including copies of the back and front of canceled checks, that the payments set forth in paragraph 3 above have been made. Such documentation shall be sent to Regional Director of the Employee Benefit Security Administration, 200 West Adams, Suite 1600, Chicago, IL 60606. If Defendant is unable to locate any of the individuals identified on Exhibit A, Defendant shall comply with EBSA's Field Assistance Bulletin 2004-02, dated

September 30, 2004, which details a plan fiduciary's obligations under ERISA with respect to a missing participant.

5. Defendant shall be permanently enjoined from serving or acting as a fiduciary or service provider with respect to any employee benefit plan subject to ERISA.

6. Each party agrees to bear her, his or its own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys fees which may be available under the Equal Access to Justice Act, as amended.

7. The Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

8. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2008.

BY THE COURT

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge

Judgment entered this 31st day of March, 2008.

JON W. SANFILIPPO, CLERK

By: s/ Linda M. Zik
    Deputy Clerk

The parties hereby consent to the entry of this consent order

FOR THE SECRETARY OF LABOR

GREGORY F. JACOB
Solicitor of Labor

Regional Solicitor
JOAN E. GESTRIN

s/Suzanne F. Dunne        DATED:   March 24, 2008
SUZANNE F. DUNNE
Attorney


FOR THE DEFENDANTS:

 s/Ron Vogt                DATED:   March 12, 2008
 RON VOGT



 s/Douglas Frazer          DATED:   March 12, 2008
 DOUGLAS FRAZER
 DeWitt Ross & Stevens S.C.
 Attorney for the Defendants

# EXHIBIT A

| Employee | Amount Owed |
|---|---|
| Nick Ferra | $ 2,456.33 |
| Donna Krysiak | $ 118.92 |
| Wanda Terrell | $ 8,412.21 |
| Valerie Johnson | $ 1,689.76 |